
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Kecia M. Ashley<br><br>　　　Plaintiff,<br><br>v.<br><br>Residential Credit Solutions, Inc.<br>　　　Defendant. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)** |

## NOTICE OF REMOVAL

Defendant Residential Credit Solutions, Inc. ("RCS") hereby removes this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441, and states as follows:

I.  **NATURE OF THE ACTION**

   1.   On September 10, 2014, Plaintiff filed the action entitled *Kecia M. Ashely*[1] (sic) *v. Residential Credit Solutions, Inc.*, Case No. CV-2014-903811 ("the Complaint") in the Circuit Court of Jefferson County, Alabama.

   2.   Plaintiff alleges various claims including state law claims sounding in contract and tort, as well as, claims based on alleged violations of certain federal

---
[1] Plaintiff's name is misspelled in the style of the Complaint.

statutes and regulation, related to her mortgage loan, her default thereon, and RCS's foreclosure efforts. Specifically, Plaintiff alleges that RCS has violated § 12 C.F.R. 1024.41(f); § 12 C.F.R. 1024.41(b); 12 C.F.R. 1024.41(c); and 15 U.S.C. § 1692 et seq. *See* Plaintiff's Complaint at Counts Four, Five, Six and Seven.

3. A true and correct copy of the summons and complaint and all other case materials received by RCS from the process server are attached hereto as Exhibit A.

## II. FEDERAL QUESTION JURISDICTION

4. "A civil action filed in a state court may be removed to federal court if the claim is on 'arising under' federal law." <u>Beneficial Nat'l Bank V. Anderson</u>, 539 U.S. 1, 6 (2003). Thus, a case is removable when the Complaint affirmatively alleges a federal claim. <u>Id.</u>

5. Removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(c) because Plaintiff's claims explicitly seek relief under the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). *See* Plaintiff's Complaint at Counts Four, Five, Six and Seven.

6. Plaintiff's claims explicitly raise substantial and disputed federal questions that are within the purview and original jurisdiction of federal courts. Federal jurisdiction is warranted because Plaintiff's claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may

entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-13 (2005) (state quite title action arising from the foreclosure of a federal tax lien could be removed to federal court because the issues in the case necessarily involved examination of a substantial federal question).

7. This court also has supplemental jurisdiction over Plaintiff's tort and contract claims. 28 U.S.C. § 1367.

### III.   TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

8. The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court in and for Jefferson County, Alabama where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

9. The Circuit Court's file reflects that RCS was served with the summons and complaint on September 15, 2014. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of service of the summons and complaint.

10. Written notice of the filing of this Notice of Removal has been given to the Plaintiff a copy is concurrently being filed the Clerk of the Circuit Court of

Jefferson County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

11. The proper filing fee has been tendered to the Clerk of the United States District Court for the Northern District of Alabama, Southern Division.

Dated:  October 15, 2014

/s/Kristen S. Cross
Kristen S. Cross (ASB-3465-S82K)
R. Ryan Daugherty (ASB-1653-B34D)

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5101
jwilliams@sirote.com
kcross@sirote.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of October, 2014, I filed the foregoing with the Clerk of the Court and I further certify that I served a copy of the foregoing upon all attorneys of record in the above-styled cause by placing a copy of the same, properly addressed and postage prepaid, in the United States Mail:

Rhonda Steadman Hood
Hood & Lay, LLC
1117 22nd Street South Ste 101
Birmingham, Alabama 35205


                                                /s/ Kristen S. Cross
                                                Of Counsel

EXHIBIT "A"



AlaFile E-Notice

01-CV-2014-903811.00

To: RESIDENTIAL CREDIT SOLUTIONS, INC.
CSC LAWYERS INCORPORATING
150 S PERRY ST
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KECIA M ASHLEY V. RESIDENTIAL CREDIT SOLUTIONS, INC.
01-CV-2014-903811.00

The following complaint was FILED on 9/10/2014 2:43:25 PM

Notice Date:   9/10/2014 2:43:25 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2014-903811.00 |
|---|---|---|

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
KECIA M ASHLEY V. RESIDENTIAL CREDIT SOLUTIONS, INC.

**NOTICE TO** RESIDENTIAL CREDIT SOLUTIONS, INC., CSC LAWYERS INCORPORATING 150 S PERRY ST, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RHONDA STEADMAN HOOD

WHOSE ADDRESS IS 1117 22nd Street, STE. 101, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   KECIA M ASHLEY
pursuant to the Alabama Rules of the Civil Procedure

Date 9/10/2014 2:43:25 PM   /s/ ANNE-MARIE ADAMS
Clerk/Register
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested   /s/ RHONDA STEADMAN HOOD
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

_____   _____   _____
Date   Server's Signature   Address of Server

_____   _____   _____
Type of Server   Server's Printed Name

Phone Number of Server

ELECTRONICALLY FILED
9/10/2014 2:43 PM
01-CV-2014-903811.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| KECIA M. ASHELY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. |
| RESIDENTIAL CREDIT SOLUTIONS, INC. | ) ) ) |
| Defendants. | ) |

### COMPLAINT

Comes now, Kecia M. Ashley, by and through her attorney of record and states as follows:

### PARTIES

1. The Plaintiff, Kecia M. Ashley, is an Alabama resident who lives in Jefferson County, Alabama.

3. Defendant, Residential Credit Solutions, Inc., is a foreign mortgage company which allegedly owned, serviced, or was otherwise involved in the mortgage loan of Plaintiffs.

4. Defendant, Residential Credit Solutions, Inc., does business in Jefferson County, Alabama.

5. Defendant, Residential Credit Solutions, Inc., is considered a "debt collector" under the FDCPA as when it began servicing the loan, as the loan was allegedly in default.

### JURISDICTION

6. Personal jurisdiction exists over each Defendant as each has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

### STATEMENT OF FACTS

7. On or about June 30, 2006 Plaintiff, Kecia M. Ashley, borrowed $240,000.00 from Homecomings Financial Network, Inc. The loan was interest only secured by a purchase money mortgage on the property located at 5947 Valley Way, Trussville AL

1

35173. The lender is Homecomings Financial Network, Inc. pursuant to the mortgage filed with the Jefferson County Probate Court LR 200611 Pg 22983

8. The note is an Adjustable Rate Note and is not for a fixed amount of money thus rendering the note non-negotiable under the Uniform Commercial Code.

9. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

10. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 F.R. 10901 (Regulation Z) (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

11. The Plaintiff's mortgage loan in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

12. Defendant is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers" as defined in 12C.F.R. § 1026.41(e)(4) or the exemption for a "qualified lender" as defined in 12 C.F.R. § 617.700.

13. Plaintiff is asserting a claim for relief against Defendant for breach of the specific rules under Regulation X as set forth below.

14. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. §2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

15. On or about January 9, 2014 Residential Credit Solutions, Inc. purportedly received the Plaintiff's loan via assignment from Mortgage Electronic Registration Systems, Inc, as nominee for Homecomings Financial Network, Inc.[1],[2] See assignment filed with the Jefferson County Probate Court LR 201412 Pg 19278.

16. Because Residential Credit Solutions, Inc. declared the Plaintiff in default, she was referred requested loss mitigation from the Defendant and was referred to loss mitigation on or about January 16, 2014.

17. Plaintiff was instructed to submit any loss mitigation application materials regarding the Loan to Defendant and she complied.

---

[1] Homecomings Financial Network, Inc. was put into bankruptcy in March 2012 in the RESCAP Chapter 11 filing, United States Bankruptcy Court, Southern District of New York, Case Number 12-12020 (MG).

[2] On or about October 10, 2006 Homecomings Financial Network, Inc withdrew from doing business in the State of Alabama.

18. On or about February 7, 2014 submitted a complete loss mitigation application to Defendant.

19. The Application was submitted under 12 C.S.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

20. Following the submission of the completed application, the Defendant continued to request documents that the Plaintiff had already submitted, request updated documents, and request new documents and each time the Plaintiff fully and timely complied with the request.

21. While the completed application was pending for review the Defendant initiated a foreclosure by setting a sale date of August 7, 2014.

22. Plaintiff disputed the Plaintiff's right to foreclose while she was under review and the sale was postponed until September 11, 2014.

23. At the same time the Defendant requested additional documents including a profit and loss statement, which the Plaintiff provide on or about August 5, 2014.

24. Plaintiff' has continually stayed in contact with the Defendant in an effort to save her home. However, despite these efforts to this date, the Defendant has not provided any further response as to Plaintiff's eligibility for loss mitigation options on the Loan pursuant to the Application.

25. The sale is currently set for September 11, 2014.

26. The Defendant is considered a debt collectors under the Fair Debt Collection Practices Act ("FDCPA") as the loan was allegedly in default when Defendant allegedly began servicing the loan, holding the loan, or owning the loan.

27. The Defendant has attempted to collect the debt.

28. The debt is the loan for the Plaintiffs' house and thus qualifies as a consumer or personal debt under the FDCPA.

### Defendant Threatens Foreclosure

29. Defendant has threatened Plaintiff with an imminent foreclosure through its employees and/or agents.

30. The foreclosure is set for September 11, 2014.

31. Defendant knows or should know that they have no right under the contract, Alabama law, or federal law to threaten or conduct a foreclosure given the underlying facts.

3

32.     This lawsuit has been brought as a final attempt to prevent the wrongful and illegal foreclosure by the Defendant and to require Defendant to act good faith and deal fairly with the Plaintiff regarding her mortgage.

33.     Paragraph 22 of the mortgage governs acceleration and sets for the lenders remedies and provides that Lender shall given notice to the borrower prior to acceleration following borrower's breach of any covenant or agreement in this Security Instrument.

34.     Paragraph 22 of the mortgage document requires that the Lender send the Plaintiff a proper default and acceleration notice prior to conducting a non-judicial foreclosure sale. The notice is required to contain the following elements: (a) the specific default, (b) the action required to cure the default, (c) a date, of less than 30 days from the date the notice is given to borrower, by which to cure the default, and (d) that failure to cure the default on or before the date specified in the notice may cause acceleration of the debt and sale of the property. The notice must further inform the borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of default or any other defense of the borrower to acceleration and sale.

35.     Pursuant to her rights under paragraph 22 of the mortgage, the Plaintiff asserts am improper acceleration of the debt by the Defendant in that the Defendant failed to comply with pre-requisites to acceleration. Further, Plaintiff asserts a defense to the sale in that the Defendant has failed to comply with Regulation X as set out above.

36.     The FDCPA was violated in multiple ways by the Defendants.

   a.   Defendant has violated the law and contract by refusing to speak truthfully with Plaintiff about her options.

   b.   Plaintiff has disputed the actions of the Defendant.

   c.   Defendant has improperly attempted to proceed with a foreclosure sale.

   d.   These actions violate the federal law between servicers and borrowers.

37.     Plaintiff took out a consumer debt – a home loan and such loan was secured by a mortgage on the property owned by Plaintiff.

38.     The Defendants are considered a "Debt Collector" under the Fair Debt Collection Practices Act (FDCPA) as Defendants bought the loan or was assigned the loan after it was allegedly in default.

39.     The threatened foreclosure was and is illegal and constitutes a threat to take action which Defendant is not legally entitled to take.

40. Defendant improperly applied, charged, or otherwise handled expenses, charges, fees, payments, and the collection of the same. These include late charges, home inspection fees, foreclosure related expenses, and other expenses and charges which will be uncovered in discovery.

41. Defendants did not conduct all required pre-foreclosure counseling and loss mitigation efforts as required under the law, including 12 C.F.R. § 1024.41, as well as the documents controlling the conduct of Defendants, including servicing requirements and regulations.

42. All Defendants have acted as agents of all other Defendants and all acts or omissions have been in the line and scope of each Defendants agency relationship with each other.

43. Plaintiff now faces the immediate loss of ownership of their home if the foreclosure occurs.

44. Plaintiffs have no choice but to sue Defendant as Defendant has ignored Plaintiff's dispute of the debt, requests for help, and the requirements of a good faith mortgage foreclosure avoidance workout.

### Damages Plaintiff Has and Will Suffer Due to Defendant's Misconduct

45. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs has and will suffer massive damages and injuries.

46. These damages include great mental anguish, damage to reputation, economic damages, and Plaintiff claims from Defendant all damages allowable under the law.

### COUNT ONE
### NEGLIGENCE/WANTONESS

47. Plaintiff realleges all paragraphs as if set out here in full.

48. Defendant negligently and/or wantonly threatened to conduct a foreclosure sale on Plaintiff's property.

49. Defendant negligently/and or wantonly handled, applied, imposed, created, serviced, and processed payments, charges, fees, expenses, loss mitigation efforts (including loan modifications) and other aspects of Plaintiff's loan and mortgage.

50. Defendant acted negligently and/or wantonly with regard to servicing and loss mitigation assistance.

51. Pleading in the alternative, there is no valid contract upon which the Defendants can act.

5

52. Defendant acted negligently and/or wantonly in their actions of attempting assignment of the mortgage loan and debt to aid a foreclosure sale on Plaintiff's property.

53. As a direct result of the said negligence and/or wantonly, Plaintiff was injured and damaged as alleged above and have suffered mental anguish, economic injury and all other damages allowed by law.

54. As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to their negligence and for all natural, proximate and consequential damages due to their wantonness as well as punitive damages

## COUNT TWO
## BREACH OF CONTRACTUAL OBLIGATIONS OF GOOD FAITH AND FAIR DEALING

55. Plaintiff adopts the above paragraphs as if fully set forth herein.

56. Defendant owed Plaintiff a contractual duty to act in good faith and to deal fairly with Plaintiff with regard to the note and mortgage.

57. Defendant materially breached the subject mortgage contract by failing to act in good faith and to deal fairly with Plaintiff, as described hereinabove.

58. This breach proximately resulted in damage to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for their wrongful actions, and for all other relief as the Court deems proper.

## COUNT THREE
## BREACH OF CONTRACT

59. Plaintiff realleges all paragraphs as if set out here in full.

60. Defendant breached the contracts (implied and express) with Plaintiff and thereby caused Plaintiff incidental and consequential damages (including mental anguish).

61. Plaintiff has fulfilled her portion of the contract but the Defendant has violated the contracts and agreements by their wrongful and improper accounting, charges, payment processing, loss mitigation efforts and the foreclosure process itself.

62. Plaintiff claims all damages allowable under law.

## COUNT FOUR
## VIOLATION OF § 12 C.F.R. 1024.41(f)

6

63.     Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein

64.     12 C.F.R. § 1024.41(f)(2)(i) of Regulation X provides that the Defendant cannot file or cause to be filed the first notice or filing required by applicable laws to initiate any judicial or non-judicial foreclosure if the borrower has submitted a complete loss mitigation application before a foreclosure is filed.

65.     Plaintiff alleges that this prohibition on the filing of such a foreclosure proceeding applies whether the Application was filed by the borrower during the first one hundred twenty (120) days that the borrower was delinquent or at any time after the first one hundred twenty (120) days but before a foreclosure proceeding is filed as is provided for by 12 C.F.R. §1024.41(f)(2)(i).

66.     Plaintiff alleges that pursuant to 12 C.F.R. §1024.41(f)(2)(i), such absolute prohibition applies until the servicer has denied the Application, the time to appeal the denial of the Application has expired, or the borrower has appealed the denial of the Application and a final decision has been made with respect to the appeal; none of the foregoing exceptions apply to the facts alleged in the instant matter.

67.     Plaintiff alleges that since Defendant has not provided Plaintiff with a loss mitigation offer, or response otherwise, Plaintiff has not rejected an offer nor failed to comply or otherwise perform the terms of an agreement as provided for by 12 C.F.R. §1024.41(f)(2)(iii).

68.     Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

69.     As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

### COUNT FIVE
### VIOLATION OF 12 C.F.R. 1024.41(b)

70.     Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

71.     12 C.F.R. 1024.41(b) defines a complete loss mitigation application as an application wherein servicer has received all the information that the servicer requires to evaluate applications for the loss mitigation options available to a borrower.

72.     12 C.F.R. 1024.41(b) further states that a servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application.

73.     12 C.F.R. 1024.41(b)(2) provides that if a servicer receives a loss mitigation

7

application forty-five (45) days or more before a foreclosure sale that the must promptly review the application to determine whether the application is complete and notify the borrower within five (5) days whether the application is complete.

74.   On or about February 7, 2014 submitted a complete loss mitigation application transmission to Defendant.

75.   The Application was submitted under 12 C.S.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

76.   As of this filing, Defendant had not yet provided Plaintiff with any written response to the Application.

77.   However, Defendant sent Plaintiff a letter stating that Defendant received Plaintiff's "mortgage assistance request", after the Application was submitted.

78.   Plaintiff failed to exercise reasonable diligence in dealing with the application and failed to promptly review the Application to determine whether it was complete and notify Plaintiff within five (5) days of receipt of the Application whether the Application was complete or incomplete.

79.   Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

80.   As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT SIX
## VIOLATION OF 12 C.F.R. 1024.41(c)

81.   Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

82.   12 C.F.R. 1024.41(c) provides that upon a servicer's receipt of a loss mitigation application more than thirty-seven (37) days before a foreclosure sale, then, *within thirty (30) days*, a servicer must evaluate the borrower for all loss mitigation options available and provide written notice to the borrower stating which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage.

83.   On or about February 7, 2014 submitted a complete loss mitigation application transmission to Defendant.

84.   The Application was submitted prior to the initiation of Foreclosure sale and more than thirty-seven (37) days prior to any scheduled sale of the property.

85.   The Application was submitted under 12 C.S.R. part 1024 Supplement 1,

8

Comment 41(b)(1)-3.

86. As of this date, Defendant has not yet provided Plaintiff with any written response to the Application.

100. Defendant sent Plaintiff a letter stating that Defendant received Plaintiff's "mortgage assistance request", after the Application was submitted to Defendant.

87. Defendant wholly failed to evaluate the borrower for all loss mitigation options available and provide written notice to the borrower stating which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage within thirty (30) days.

88. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

89. As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT SEVEN
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

90. Plaintiff realleges all paragraphs as if set out here in full.

91. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff and to foreclose on Plaintiff.

92. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

9

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

93.    The acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA, including, but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

94.    As a result of the violations of the FDCPA, Plaintiff is entitled to (1) statutory damages; (2) actual and compensatory damages; and, (3) reasonable attorney's fees, costs, and expenses from Defendants.

## COUNT SEVEN
## DEFAMATION

95.    Plaintiff realleges all paragraphs as if set out here in full.

96.    Defendant has made false statements regarding defaults, foreclosures, and other aspects related to Plaintiff.

97.    These include advertising in the newspaper that Plaintiff has defaulted to such an extent that a foreclosure will occur by the actions of Defendant.

98.    This is false as Defendant has no right to foreclose.

99.    Without the right to foreclose, the published statements regarding defaults, foreclosures, and other negative information about Plaintiff is false.

100.   These defamatory statements have caused injuries to Plaintiff including mental anguish, loss of credit worthiness, harm to reputation, and exposing private financial matters in a public way.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs having set forth Plaintiff's claims for relief against Defendant, respectfully pray of the Court as follows:

10

a. That Plaintiff recover against Defendant a sum to be determined in the form of actual, statutory, nominal, and punitive damages;

b. That Plaintiff recover reasonable attorney's fees, costs, expenses;

c. That the foreclosure sale be cancelled; and

d. That Plaintiff has such other and further and proper relief as the Court may deem just and proper.

/s/ Rhonda Steadman Hood
Rhonda Steadman Hood (HOO024)
HOOD & LAY, L.L.C.
1117 22nd Street South, Ste. 101
Birmingham, AL 35205
(205) 323-4123
(205) 776-2040 fax
rhonda@whlfirm.com

Serve via Certified Mail:

| CSC LAWYERS INCORPORATING SRV INC | |
|---|---|
| Registered Office Street Address | 150 S PERRY ST MONTGOMERY, AL 36104 |

11



ANNE-MARIE ADAMS, CLERK
CIRCUIT COURT of JEFFERSON COUNTY
CIVIL DIVISION - ROOM 400
716 RICHARD ARRINGTON JR. BLVD. NORTH
BIRMINGHAM, ALABAMA 35203

